MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Roshni C. Kapoor, Bar No. 310612
roshni.kapoor@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:    +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Carolyn M. Corcoran (admitted *pro hac vice*)
carolyn.corcoran@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Tel: +1.212.309.6000
Fax: +1.212.309.6001

Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY FREDERICK-OSBORN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC. AND X CORP.,<br><br>Defendants. | Case No. 3:24-cv-00125-JSC<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND** |

    Defendant X Corp., on its own behalf and as successor in interest to Defendant Twitter, Inc. ("X"), hereby answers the allegations in the numbered Paragraphs in Plaintiff Sydney

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO CLASS
ACTION COMPLAINT
CASE NO. 3:24-CV-00125-JSC

Frederick-Osborn's ("Plaintiff") Class and Collective Action Complaint and Jury Demand ("Complaint") as follows:

## I. INTRODUCTION

1. X admits the Complaint purports to allege class and collective claims against X on Plaintiff's own behalf and on behalf of other female X employees as well as other X employees age of fifty (50) and/or older across the country who were constructively discharged in the months after Elon Musk acquired Twitter, Inc. in late October 2022. X denies all remaining allegations in Paragraph 1 of the Complaint.

2. X admits the Complaint purports to allege claims under Title VII, 42 U.S.C. § 2000e, *et seq.*, and (for employees who worked out of California) the California Fair Employment and Housing Act ("FEHA"), Gov. Code § 12900, *et seq.* challenging X's alleged constructive termination of female X employees and X employees age of fifty (50) and/or older after Musk acquired Twitter, Inc. X denies all remaining allegations in Paragraph 2 of the Complaint.

3. X admits the Complaint purports to allege claims against X on Plaintiff's own behalf and on behalf of other X employees age of fifty (50) and/or older who were constructively discharged in the months after Musk acquired Twitter, Inc. X denies all remaining allegations in Paragraph 3 of the Complaint.

4. X admits the Complaint purports to allege claims under the Age Discrimination in Employment Act ("ADEA"), and (for employees who worked out of California) under FEHA, Gov. Code § 12900, *et seq.* challenging X's alleged constructive termination of employees age fifty (50) and/or older in the months after Musk acquired Twitter, Inc. X denies all remaining allegations in Paragraph 4 of the Complaint.

5. X admits Twitter, Inc. was acquired in late October 2022.  X admits that following the acquisition, X conducted reductions in force.  X denies all remaining allegations in Paragraph 5 of the Complaint.

6. X contends that the first sentence in Paragraph 6 of the Complaint constitutes a conclusion of law and/or legal arguments and that no admission or denial is therefore necessary.  To the extent that a response is required, X denies the first sentence in Paragraph 6 of the Complaint.  X denies all remaining allegations in Paragraph 6.

7. X contends that the first sentence in Paragraph 7 of the Complaint constitutes a conclusion of law and/or legal arguments and that no admission or denial is therefore necessary.  To the extent that a response is required, X denies the first sentence in Paragraph 7 of the Complaint.  X denies all remaining allegations in Paragraph 7.

8. X admits the Complaint purports to allege claims of sex and age discrimination on behalf of Plaintiff and on behalf of similarly situated individuals.  X denies all remaining allegations in Paragraph 8 of the Complaint.

II. **PARTIES**

9. X lacks sufficient information to admit or deny whether Plaintiff is a resident of San Francisco, CA.  X admits that, according to its Human Resources Information System ("HRIS"), Plaintiff was employed by X as a Staff Software Engineer in San Francisco from approximately June 21, 2022 until November 18, 2022.  X denies all remaining allegations in Paragraph 6 of the Complaint.

10. X admits the Complaint purports to allege a Rule 23 class action on behalf of all female X employees who were constructively discharged after Twitter, Inc. was acquired.  X denies all remaining allegations in Paragraph 10 of the Complaint.

11. X admits the Complaint purports to allege a collective action under the ADEA on behalf of all X employees across the United States age fifty (50) and/or older who were constructively discharged after lost their jobs after Twitter, Inc. was acquired.  X denies all remaining allegations in Paragraph 11 of the Complaint.

12. X admits that it is headquartered in San Francisco, California.  X denies all remaining allegations in Paragraph 12 of the Complaint.

13. X admits it is a Nevada corporation and headquartered in San Francisco, California.

14. X admits Twitter, Inc. was acquired in late October 2022.  X admits that in or around March 2023, Twitter, Inc. merged with X. Corp.  X contends that the remaining allegations in Paragraph 14 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary.  To the extent that a response is required, X denies all remaining allegations in Paragraph 14 of the Complaint.

### III.   JURISDICTION

15. X admits that this Court has subject matter jurisdiction over this action.

16. X contends the allegations in Paragraph 16 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 13 of the Complaint.

17. X admits that this Court has personal jurisdiction over X.

### IV.   STATEMENT OF FACTS

18. X admits it is a social media company.  X admits that at certain time periods it has employed thousands of employees in the United States.  X denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. X admits that in April 2022, Twitter, Inc. announced that it had entered into an agreement to be acquired. X denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. X admits Twitter, Inc. was acquired in late October 2022. X admits that following the acquisition, X conducted reductions in force. X denies all remaining allegations in Paragraph 20 of the Complaint.

21. X denies the allegations contained in Paragraph 21 of the Complaint.

22. X denies all remaining allegations in Paragraph 22 of the Complaint.

23. X admits Paragraph 23 cites articles about various alleged pictures. X denies all remaining allegations in Paragraph 23 of the Complaint.

24. X contends the allegations in Paragraph 24 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies the allegations contained in Paragraph 24 of the Complaint.

25. X contends the allegations in Paragraph 25 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 25 of the Complaint.

26. X denies the allegations contained in Paragraph 26 of the Complaint.

27. X denies the allegations contained in Paragraph 27 of the Complaint.

28. X denies the allegations contained in Paragraph 28 of the Complaint.

29. X denies the allegations contained in Paragraph 29 of the Complaint.

30. X denies the allegations contained in Paragraph 30 of the Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANT'S ANSWER TO CLASS
ACTION COMPLAINT
CASE NO. 3:24-CV-00125-JSC

31. X admits Paragraph 31 quotes an email sent by Musk on November 16, 2022 to employees at Twitter. X denies all remaining allegations in Paragraph 31 of the Complaint.

32. X contends the allegations in Paragraph 32 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 32 of the Complaint.

33. X denies the allegations contained in Paragraph 33 of the Complaint.

34. X lacks sufficient information to admit or deny the allegations related to how Plaintiff felt. X admits that, according to its HRIS, Plaintiff did not click "yes" on the link contained in Musk's November 16, 2022 email and that Plaintiff was 58 years old at the time. X denies all remaining allegations in Paragraph 34 of the Complaint.

35. X admits that, according to its HRIS, Plaintiff's last day of employment was November 18, 2022. X denies all remaining allegations in Paragraph 35 of the Complaint.

36. X contends the allegations in Paragraph 36 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 36 of the Complaint.

37. X admits that the articles cited in Paragraph 37 of the Complaint attribute various alleged comments to Musk. X denies all remaining allegations in Paragraph 37 of the Complaint.

38. X admits that the tweets cited in Paragraph 38 of the Complaint attribute various alleged comments to Musk. X denies all remaining allegations in Paragraph 38 of the Complaint.

39. X admits that the tweet cited in Paragraph 39 of the Complaint attributes an alleged comment to Musk. X denies all remaining allegations in Paragraph 39 of the Complaint.

40. X contends the allegations in Paragraph 40 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 40 of the Complaint.

41. X admits that the article cited in Paragraph 41 of the Complaint attributes various comments to Musk. X denies all remaining allegations in Paragraph 41 of the Complaint.

V. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

42. X lacks sufficient information to admit or deny whether Plaintiff, prior to filing her Complaint, filed a charge of discrimination alleging sex discrimination under Title VII and age discrimination under the ADEA with the Equal Employment Opportunity Commission and under FEHA with the California Civil Rights Department. X denies the remaining allegations in Paragraph 42 of the Complaint.

**COUNT I**
**Title VII**
**42 U.S.C. § 2000e, *et seq.***

X contends the allegations contained in Count I of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, X denies all allegations contained in Count I of the Complaint.

**COUNT II**
**California Fair Employment and Housing Act**
**Gov. Code § 12900, *et seq.***
**(Sex Discrimination)**

X contends the allegations contained in Count II of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, X denies all allegations contained in Count II of the Complaint.

## COUNT III
### Age Discrimination in Employment Act
### 29 U.S.C. § 621

X contends the allegations contained in Count III of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, X denies all allegations contained in Count III of the Complaint.

## COUNT IV
### California Fair Employment and Housing Act
### Gov. Code § 12900, *et seq.*
### (Age Discrimination)

X contends the allegations contained in Count IV of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, X denies all allegations contained in Count IV of the Complaint.

## JURY DEMAND

X admits the Complaint purports request a trial by jury. X denies Plaintiff is entitled to a jury trial on some or all of her claims.

## PRAYER FOR RELIEF

X denies Plaintiff and the putative class and/or collective are entitled to any relief whatsoever, and further deny each and every one of the allegations and statements contained in the Prayer For Relief section of the Complaint on pages 11-12.

X denies all allegations in the Complaint not specifically admitted in this Answer.

## DEFENSES

X has not completed its investigation of the Complaint of this case, has not completed discovery, and has not completed its preparation for trial. The defenses asserted herein are based on X's present knowledge, information, and belief, and X specifically reserves the right to modify, amend, or supplement any defense contained herein at any time. In addition, X presently

has insufficient knowledge or information as to whether it may have additional, yet unasserted, defenses. X therefore expressly reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation. Without conceding that X bears the burden of proof or persuasion as to any one of these defenses, X asserts the following separate and independent defenses to the claims in the Complaint:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint and each alleged claim therein fails to state a claim upon which relief can be granted against X.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims and the claims of some or all of the putative class and/or collective members are barred in whole or in part by all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (*De Minimis*)

Plaintiff's claims and the claims of putative class and/or collective members are barred, in whole or in part, by the *de minimis* doctrine.

### FOURTH AFFIRMATIVE DEFENSE
### (Substantial Compliance)

Plaintiff's claims and the claims of putative class and/or collective members are barred, in whole or in part, because X complied in full with its statutory obligations, if any, and to the extent it is determined that there was non-compliance, X substantially complied with its obligations.

### FIFTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel / Res Judicata)

Plaintiff's claims and the claims of putative class and/or collective members are barred, in whole or in part, by the doctrine of collateral estoppel and/or *res judicata*.

## SIXTH AFFIRMATIVE DEFENSE

### (One Satisfaction)

Plaintiff and the putative class and/or collective members cannot properly recover damages under multiple or different theories or causes of action for the same or similar alleged acts/conduct/omissions.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Statutory / Administrative / Contractual Requirements)

Plaintiff's claims and the claims of putative class and/or collective members are barred, in whole or in part, because Plaintiff failed to satisfy the statutory prerequisites to suit, and/or failed to timely, fully and/or properly exhaust all administrative and/or contractual remedies.

## EIGHTH AFFIRMATIVE DEFENSE

### (Mixed-Motive)

If Plaintiff and/or some or all of the individuals whom they purport to represent are able to prove any discrimination occurred, which X denies, X reserves the right to present a mixed-motive defense.

## NINTH AFFIRMATIVE DEFENSE

### (But-For Causation)

Plaintiff's claims are barred because age was neither a cause of nor the "but-for" cause of an adverse employment action under the ADEA.

## TENTH AFFIRMATIVE DEFENSE

### (Subgroup)

Plaintiff's claims and the claims of putative class and/or collective members are barred, in whole or in part, because there is no legally cognizable "subgroup" claim based on employees aged 50 and/or older under the ADEA.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Policies)

Plaintiff's claims and the claims of putative class and/or collective members are barred to

the extent they have failed to comply with and/or violated any relevant X policy, procedure, rule, standard, or expectation.

## TWELFTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Plaintiff's claims and the claims of putative class and/or collective members are barred, in whole or in part, by the doctrine of after-acquired evidence.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Damages or Injury)

Plaintiff's claims and the claims of putative class and/or collective members are barred, in whole or in part, because they have not suffered any damage or injury by any acts, events or occurrences alleged in the Complaint, whether or not attributable to X.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

Defendants deny that they acted unlawfully or improperly toward Plaintiff or any putative class and/or collective member sought to be represented.  However, with regard to any potential award to Plaintiff or to any putative class and/or collective member sought to be represented for alleged unpaid wages, expenses, or penalties based thereon, X is entitled under the equitable doctrine of setoff and recoupment to offset all payments to Plaintiff and/or any putative class and/or collective member sought to be represented, and/or all obligations of Plaintiff or any putative class and/or collective member sought to be represented, owed to X against any judgment that may be entered against X.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims and the claims of the putative class and/or collective members are barred, in whole or in part, by the doctrine of estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims and the claims of the putative class and/or collective members are barred, in whole or in part, by the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims and the claims of the putative class and/or collective members are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiff's claims and the claims of putative class and/or collective members are barred, in whole or in part, by the doctrine of accord and satisfaction, and payment.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Release and/or Waiver)

Plaintiff's claims and the claims of the putative class and/or collective members are barred, in whole or in part, to the extent that such claims have been waived, released, discharged, and/or abandoned.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff's claims and the claims of the putative class and/or collective members are barred, in whole or in part, to the extent Plaintiff and/or alleged members of the putative class and/or collective action lack standing to bring claims, either in an individual or class or collective capacity.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFENDANT'S ANSWER TO CLASS
ACTION COMPLAINT
CASE NO. 3:24-CV-00125-JSC

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiff's claims and the claims of the putative class and/or collective members are barred, in whole or in part, because the Complaint is uncertain in that the purported class and/or collective definition(s) are vague and ambiguous and conclusory and uncertain.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Ascertainable Class)

The purported class that Plaintiff purports to represent, the existence of which are expressly denied, are not ascertainable and, thus, no well-defined community of interest exists among the purported members.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Class Action Not Superior Method of Adjudication)

The alleged claims are barred, in whole or in part, from proceeding as a class action, because a class action is not a superior method for adjudicating this dispute.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Fault of Others/Comparative Fault)

Plaintiff's claims and the claims of putative class and/or collective members are barred because any damages, losses or liability that Plaintiff has alleged, if they exist at all, were proximately caused or contributed to by the conduct of or attributable to others, not X.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Not Appropriate for Class or Collective Action)

The Complaint, and each purported claim for relief alleged, is not proper for treatment as a class action under Rule 23 because, among other reasons: (a) Plaintiff is an inadequate representative of the purported class; (b) Plaintiff cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of claims; (d) Plaintiff cannot establish the requisite numerosity; and (d) the individualized nature of the asserted claims predominate.  The Complaint

also is not a proper collective action under 29 U.S.C. § 216(b) because Plaintiff and the members of her putative collective are not similarly situated.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Due Process)**

If this Court were to certify this action as a class and/or collective action, which it should not, any award of liquidated, multiple or punitive damages would deny X the due process of law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith / Reasonable Factors Other than Age)**

Actions taken by X with respect to Plaintiff and putative class and/or collective members were non-discriminatory, taken in good faith, without discriminatory motives, based on lawful business reasons, and in conformity with applicable federal, state, and local laws.  X further alleges that its actions were motivated by reasonable factors other than age.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Agreement to Arbitrate)**

Plaintiff's claims and the claims of putative class and/or collective members are barred, in whole or part, to the extent that Plaintiff or any putative class and/or collective member agreed or agrees to arbitrate the claims alleged in the Complaint, and/or to waive the right to pursue such claims on an individual, class, collective, or representative basis.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages/Avoidable Consequences)**

Plaintiff's claims and the claims of some or all of the putative class and/or collective members are barred, in whole or in part, because Plaintiff and/or the others he seeks to represent have not appropriately or adequately mitigated their alleged damages, if any. The damages and the sought-after penalties of Plaintiff and the others he seeks to represent, if any, must be reduced because Plaintiff and the others they seek to represent failed to take advantage of any preventative or corrective safeguards or otherwise to avoid harm.

**RESERVATION OF RIGHTS**

X expressly reserves the right to assert such additional defenses that may prove applicable during the course of this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, X prays for judgment as follows:

1. That the Court denies Plaintiff's request to certify this action as a class and/or collective action;

2. That Plaintiff takes nothing by reason of the Complaint and that the Complaint be dismissed in its entirety with prejudice;

3. That judgment be entered in favor of X and against Plaintiff on all claims alleged in the Complaint;

4. That X be awarded its reasonable costs of suit incurred herein;

5. That X be awarded its reasonable attorneys' fees incurred in defending this action to the extent permitted under applicable law; and

6. That the Court award X such other and further relief as the Court deems just and proper.

Dated: May 9, 2024                                    MORGAN, LEWIS & BOCKIUS LLP


By   /s/ Brian D. Berry
Eric Meckley
Brian D. Berry
Roshni C. Kapoor
Ashlee N. Cherry
Kassia Stephenson
Carolyn M. Corcoran
Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.